**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

**HILAL M. CHAWKI,**

**and**

**ESTATE OF HAROUN SEMAAN EL-HAKIM,**
**by Ralph El-Hakim, Personal Representative,**

**and**

**MARIE BOU CHEDID,**

**and**

**RALPH EL-HAKIM,** **Civil Action No._______**

**and**

**RODOLF EL-HAKIM,**

**and**

**NANCY EL-KAREH,**

**and**

**ESTATE OF MILAD SEMAAN EL-HAKIM,**
**By Robert El-Hakim, Personal Representative,**

**and**

**ESTATE OF ELIAS FARID GERGES SEMAAN EL-HAKIM,**
**By Lina El- Hakim, Personal Representative,**

**and**

**AMAL SAYAR,**

**and**

**ESTATE OF NAWAL SALIBA,**
**Represented by** Bernard Ghassan,

**and**

**FARID EL-HAKIM,**

**and**

**MARIE GERGES MAROUN,**

**and**

**ESTATE OF NAJIM SLEIMAN EL HAJJ,**
**Represented by Hene Najim El Hajj,**

**and**

**ESTATE OF HOSNIE SALAH,**
**Represented by Hene Najim El Hajj,**

**and**

**SAMIR SAHIN,**

**and**

**HENE NAJIM SAHIN,**

**And**

**YAHYA SAHIN,**

**and**

**SEMIRA SAHIN,**

**and**

**BADR EL_DIN EL HAJJ,**

**and**

**ESTATE OF ALICE MAALOUF,**
**By Roshdi Mahmoud Haboushi, Personal Representative,**

**and**

**ESTATE OF MUSTAFA ZEIOUR,**
**By Hussein Zeiour, Personal Representative,**

**and**

**ESTATE OF SALHA ZEIOUR,**
**By Hussein Zeiour, Personal Representative,**

**and**

**NAJAH ZEIOUR,**

**and**

**YOUNESS ZEIOUR,**

**and**

**ALI ZEIOUR,**

**and**

**MOHAMMAD ZEIOUR,**

**and**

**KASSEM ZEIOUR,**

**and**

**SUKAINA ZEIOUR,**

**and**

**ZEINAB ZEIOUR,**

**and**

**ESTATE OF SUHAILA EL SEBLANI**
**Represented by Imad Mohamad Siblani,**

**and**

**ESTATE OF MOHAMMED EL SEBLANI**
**Represented by Imad Mohamad Siblani,**

**and**

**RABIAA EL SEBLANI**

**and**

**RIAD EL SEBLANI**

**and**

**HISHAM SEBLANI**

**and**

**MARWAN SEBLANI**

**and**

**JOUMANA EL SEBLANI**

**and**

**HATEM SEBLANI**

**Plaintiffs,**

**v.**

**ISLAMIC REPUBLIC OF IRAN,**
**Ministry of Foreign Affairs**
**Khomeini Avenue**
**United Nations Street**
**Tehran, Iran,**

**and**

**IRANIAN MINISTRY OF INFORMATION AND SECURITY,**
**Pasdaran Avenue**
**Golestan Yekom**
**Tehran, Iran,**

**Defendants.**

# COMPLAINT

Plaintiffs, by and through undersigned counsel, hereby bring this action seeking judgment and damages against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security (collectively "Iran"), for their heinous acts of terrorism and sponsorship of terrorism. The Plaintiffs bring these claims arising out of the terrorist attacks against the U.S. Embassy in Beirut, Lebanon, on April 18, 1983, and the U.S. Embassy Annex in Beirut, Lebanon, on September 20, 1984. Plaintiffs are legally entitled to assert a claim under the Foreign Sovereign Immunities Act (28 U.S.C. §§ 1602 et seq.), as amended by §1083 of the Defense Appropriations Act of 2008, H.R. 4986, Public Law 110-181, for the Defendants

## INTRODUCTION

(1) This Complaint alleges that Defendants, Iran and its agency and instrumentality the Ministry of Information and Security (MOIS), were responsible for the terrorist bombing of the U.S. Embassy in Beirut, Lebanon on April 18, 1983, and the Annex on September 20, 1984.

(2) This case arises out of the same acts and/or incidents in which this Court has held Defendants liable for injuries sustained by victims of the bombing of the U.S. Embassy Annex in Beirut, Lebanon on April 18, 1983, and September 20, 1984. *See Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128 (2001) (Jackson, J.) *Welch v. Islamic Republic of Iran*, 2007 WL 7688043 (2007) (Kollar-Kotelly, C.) (1984 attack), *Brewer v. Islamic Republic of Iran*, 664 F. Supp. 2d 43 (2009) (Huvelle, E.) (1984 attack), *Estate of John Doe v. Islamic Republic of Iran,* 808 F. Supp. 2d 1(2011) (Bates, J.) (1983 and 1984 attacks), *Maalouf v. Islamic Republic of Iran*, 2020 WL 805726 (Bates, J.), and *Estate of Rene Bathiard v. Islamic Republic of Iran,* 2019 WL 5790356, (Cooper, C.) (1983 and 1984 attacks). In all of these cases, Defendants were held

liable for acts of state sponsored terrorism, with judgments entered in favor of the Plaintiffs accordingly.

(3) Plaintiffs, Hilal M. Chawki, Najim Sleiman El Hajj (now deceased), Haroun Semaan El-Hakim, as well as Roshdi Mahmoud Haboushi Hussein Zeiour, and Imad Mohamad Siblani who are all currently Plaintiffs in the related matter of El-Deek, et al. vs. The Islamic Republic of Iran, et al. 23-cv-2241 (hereinafter referred to as "Direct Victims") were foreign nationals who were employed by the U.S. government at the U.S. Embassy at the time on April 18, 1983, and the U.S. Embassy Annex in Beirut, Lebanon, on September 20, 1984, working on duty on either of those dates, and suffered serious injuries, economic damages, pain and suffering, and their immediate family members suffered serious and ongoing emotional injuries, including, but not limited to, intentional infliction of emotional harm/destress, depression, anxiety, and post-traumatic stress disorder.

**JURISDICTION AND VENUE**

(4) This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), and 1605A, under the exceptions to the Foreign Sovereign Immunities Act, which creates original jurisdiction to the United States District Courts, without regard to the amount, nonjury civil action, against a foreign state (or political subdivision or agent, or instrumentality), as to any claim for relief *in personam*, for any foreign state not entitled to immunity due an act of terrorism and if designated as a state sponsor of terrorism at the time or as a result of such act of terrorism, and remains so designated at the time this claim is being made.

(5) The Court exercises *in personam* jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 U.S.C. §1605A.

(6) Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the U.S. District Court for the District of Columbia.

(7) The Defendant, Iran, has waived sovereign immunity due to the terrorism exception of the Foreign Sovereign Immunity Act, 28 U.S.C. § 1605A, which states that a foreign state has no immunity from the jurisdiction of the courts of the United States for an act of terrorism.

(8) 28 U.S.C. § 1605A(c) provides a federal private right of action against a foreign state that is or was a state sponsor of terrorism, and also against any official, employee or agent of that foreign state while acting within the scope of his or her office, employment or agency, for personal injury, economic damages, solatium, pain and suffering, punitive damages, and related torts caused by an act of torture or extrajudicial killing, or the provision of material support and resources for such acts. This cause of action is available to U.S. nationals and foreign national employees of the U.S. government who were killed or injured while acting within the scope of their employment.

(9) Direct Victims have jurisdiction pursuant to 28 U.S.C.§1605A(a)(2)(A)(ii)(III) to make their claims because they were employees of the United States, employed by the United States Embassy in Beirut, Lebanon at the time of both or one of the terrorist acts, on April 18, 1983, and September 20, 1984. The immediate family members of Direct Victims have jurisdiction to make a claim for solatium under 28 U.S.C. § 1605A due to their direct relation to the Direct Victims. The Courts have consistently held that the acts of terrorism are so extreme and outrageous to demonstrate intent to inflict severe emotional harm. Peterson v. Islamic Republic of Iran, 515 F. Supp. 2d 25, 44 (D.D.C. 2007).

(10) Wherever the common or statutory law of a Plaintiff's residence contains rights or makes further damages available that are not duplicative of the recovery afforded under 28 U.S.C. § 1605A(c), Plaintiffs have causes of action under the common or statutory law of the forum jurisdiction (which in this matter would be the District of Columbia) or foreign country where they were domiciled at the time of the attack.

(11) The Plaintiffs' estates, in this case, are estates to which Lebanese law applies because the deceased Plaintiff was a resident and citizen of Lebanon at the occurrence and at the time of death. Moreover, each of the Plaintiffs who have passed, passed away while being a resident and citizen of Lebanon. Pursuant to Lebanese law these estates have been established in Lebanon in compliance with Lebanese law, each with a duly appointed personal representative to pursue the claims of the estates.

(12) Please see Farhat, et al. v. Iran, et al., 19-cv-03631-RCL, Docket Entry 33, which state this Court's position concerning choice of law between Lebanon and the District of Columbia, concluding that the District of Columbia, the forum court, is the choice of law.

## THE PARTIES

### Plaintiffs

(1) Plaintiff Hilal M. Chawki was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the U.S. Government at the U.S. Embassy in Beirut.

(2) Plaintiff Hilal M. Chawki was injured by an act of "torture" as defined in 28 U.S.C. § 1605A(a) and § 1605A(h)(7) and the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the 1984 Beirut Embassy bombing.

(3) At the time of the attack, Plaintiff Hilal M. Chawki was acting within the scope of his employment at the Embassy.

(4) Plaintiff Hilal M. Chawki brings claims for personal injuries, past and future economic damages, past and future non-economic damages, assault, battery, pain and suffering, and intentional infliction of emotional distress pursuant to § 1605A(c) and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(5) Plaintiff Hilal M. Chawki currently has dual citizenship with Lebanon and the United States of America.

(6) Plaintiff the Estate of Haroun Semaan El-Hakim stands in the place of the late Haroun Semaan El-Hakim.

(7) The Estate of Haroun Semaan El-Hakim was "opened" in Lebanon and is currently still active, under the laws of Lebanon.

(8) Haroun Semaan El-Hakim, a survivor of the incident who subsequently passed away, was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the U.S. Government at the U.S. Embassy in Beirut.

(9) Haroun Semaan El-Hakim was injured by an act of "torture" as defined in 28 U.S.C. § 1605A(a) and § 1605A(h)(7) and the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the 1983 and the 1984 Beirut Embassy bombing.

(10) At the time of the attack, Haroun Semaan El-Hakim was acting within the scope of his employment at the Embassy.

(11) Plaintiff the Estate of Haroun Semaan El-Hakim brings claims for personal injuries, past economic damages, past non-economic damages, assault, battery, pain and suffering, and intentional infliction of emotional distress pursuant to § 1605A(c) and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(12) Ralph El-Hakim, Haroun Semaan El-Hakim's son, is the duly appointed Personal Representative of the Estate of Haroun Semaan El-Hakim in compliance with Lebanese law.

(13) Plaintiff Marie Bou Chedid, the widow of Haroun Semaan El-Hakim, was at the time of the acts alleged herein a Lebanese citizen and domiciled in Lebanon.

(14) Plaintiff Marie Bou Chedid brings claims for loss of consortium, loss of solatium, and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon. Marie is currently a citizen of Lebanon.

(15) Plaintiff Ralph El-Hakim is the son of Haroun Semaan El-Hakim.

(16) Plaintiff Ralph El-Hakim is and, at all times relevant hereto, was a citizen of Lebanon.

(17) Plaintiff Ralph El-Hakim brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(18) Plaintiff Rodolf El-Hakim is the son of Haroun Semaan El-Hakim.

(19) Plaintiff Rodolf El-Hakim is and, at all times relevant hereto, was a citizen of Lebanon.

(20) Plaintiff Rodolf El-Hakim brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(21) Plaintiff Nancy El-Kareh is the daughter of Haroun El-Hakim.

(22) Plaintiff Nancy El-Kareh is and, at all times relevant hereto, was a citizen of Lebanon.

(23) Plaintiff Nancy El-Kareh brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c) and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(24) Plaintiff the Estate of Milad Semaan El-Hakim stands in the place of the late Milad El-Hakim.

(25) The Estate of Milad Semaan El-Hakim was "opened" in Lebanon and is currently still active, under the laws of Lebanon.

(26) Milad's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon, under the laws of Lebanon.

(27) Robert El-Hakim, the son of the late Milad Semaa El-Hakim, is the representative Plaintiff the Estate of Milad Semaan El-Hakim, under the laws of Lebanon.

(28) Milad Semaan El-Hakim was alive at the time of the incident and subsequently passed away.

(29) Milad Semaan El-Hakim was the brother of Haroun Semaan El-Hakim.

(30) Plaintiff, the Estate of Milad Semaan El-Hakim, brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(31) **Plaintiff the Estate of Elias Farid Gerges Semaan El-Hakim** stands in the place of the late Elias Farid Gerges Semaan El-Hakim.

(32) The Estate of Elias Farid Gerges Semaan El-Hakim was "opened" in Lebanon and is currently still active, under the laws of Lebanon.

(33) Elias Farid Gerges Semaan El-Hakim's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(34) Lina El-Hakim, the son of the late Elias Farid Gerges Semaan El-Hakim, is the representative of Plaintiff the Estate of Elias Farid Gerges Semaan El-Hakim.

(35) Elias El-Hakim (now deceased) was the brother of Haroun Semaan El-Hakim.

(36) Elias El-Hakim was alive at the time of the incident and subsequently passed away.

(37) Plaintiff, the Estate of Elias Farid Gerges Semaan El-Hakim, brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(38) Plaintiff Amal Sayar is the sister of Haroun Semaan El-Hakim.

(39) Amal Sayar is and, at all times relevant hereto, was a citizen of Lebanon.

(40) Plaintiff the Amal Sayar brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(41) Plaintiff the Estate of Nawal Saliba stands in the place of the late Nawal Saliba.

(42) The Estate of Nawal Saliba was "opened" in Lebanon and is currently still active, under the laws of Lebanon.

(43) Nawal Saliba's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(44) Bernard Ghassan, the son of the late Nawal Saliba, is the representative of Plaintiff the Estate of Amal Sayar.

(45) Nawal Saliba (now deceased) was the sister of Haroun Semaan El-Hakim.

(46) Nawal Saliba was alive at the time of the incident and subsequently passed away.

(47) Plaintiff the Estate of Nawal Saliba brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(48) Plaintiff Farid El-Hakim is and, at all times relevant hereto, was a Lebanese citizen domiciled in Lebanon.

(49) Plaintiff Farid El-Hakim is and, at all times relevant hereto, was the father of Haroun Semaan El-Hakim.

(50) Plaintiff Farid El-Hakim brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(51) Plaintiff Marie Gerges Maroun is and, at all times relevant hereto, was a Lebanese citizen domiciled in Lebanon.

(52) Plaintiff Marie Gerges Maroun is and, at all times relevant hereto, was the mother of Haroun Semaan El-Hakim.

(53) Plaintiff Marie Gerges Maroun brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(54) Plaintiff the Estate of Najim Sleiman El Hajj stands in the place of the late Najim Sleiman El Hajj.

(55) The Estate of Najim Sleiman El Hajj was "opened" in Lebanon and is currently still active, under the laws of Lebanon.

(56) Najim Sleiman El Hajj's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(57) Hene Najim El Hajj is the representative of Plaintiff the Estate of Najim Sleiman El Hajj.

(58) Najim Sleiman El Hajj, a survivor now deceased, was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the U.S. Government at the U.S. Embassy in Beirut.

(59) Najim Sleiman El Hajj was injured by an act of "torture" as defined in 28 U.S.C. § 1605A(a) and § 1605A(h)(7) and the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the 1983 and the 1984 Beirut Embassy bombing.

(60) At the time of the attack, Najim Sleiman El Hajj was acting within the scope of his employment at the Embassy.

(61) Plaintiff the Estate of Najim Sleiman El Hajj brings claims for personal injuries, past economic damages, past non-economic damages, assault, battery, pain and suffering, and intentional infliction of emotional distress pursuant to § 1605A(c) and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(62) Plaintiff the Estate of Najim Sleiman El Hajj stands in the place of the late Najim Sleiman El Hajj.

(63) The Estate of Najim Sleiman El Hajj was "opened" in Lebanon and is currently still active.

(64) Najim Sleiman El Hajj's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(65) Hene Najim El Hajj is the representative of Plaintiff the Estate of Najim Sleiman El Hajj.

(66) Plaintiff the Estate of Najim Sleiman El Hajj, is and, at all times relevant hereto, was a father of Najim Sleiman El Hajj.

(67) Najim Sleiman El Hajj, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(68) Plaintiff Estate of Najim Sleiman El Hajj brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(69) Plaintiff the Estate of Hosnie Salha stands in the place of the late Hosnie Salha.

(70) The Estate of Hosnie Salha was "opened" in Lebanon and is currently still active, under the laws of Lebanon.

(71) Hosnie Salha's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(72) Hene Najim El Hajj is the representative of Plaintiff the Estate of Hosnia Salah.

(73) Hosnie Salha, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(74) Hosnie Salha, at all times relevant hereto, was the mother of Najim Sleiman El Hajj.

(75) Plaintiff Estate of Hosnie Salha brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(76) Plaintiff Samir Sahin is and, at all times relevant hereto, was a son of Najim Sleiman El Hajj.

(77) Plaintiff Sahin is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(78) Plaintiff Samir Sahin brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(79) Plaintiff Hene Najim Sahin is and, at all times relevant hereto, was a daughter of Najim Sleiman El Hajj.

(80) Plaintiff Hene Najim Sahin is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(81) Plaintiff Hene Nijim Sahin brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(82) Plaintiff Yahya Sahin is and, at all times relevant hereto, was a son of Najim Sleiman El Hajj.

(83) Plaintiff Yahya Sahin is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(84) Plaintiff Yahya Sahin brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(85) Plaintiff Sleiman Najim El Hajj is and, at all times relevant hereto was a son of Najim Sleiman El Hajj.

(86) Plaintiff Sleiman Najim El Hajj is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(87) Plaintiff Sleiman Najim El Hajj brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(88) Plaintiff Semira Sahin is and, at all times relevant hereto, was a daughter of Najim Sleiman El Hajj.

(89) Plaintiff Semira is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(90) Plaintiff Semira Sahin brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(91) Plaintiff Badr El-din El Hajj is and, at all times relevant hereto, was a son of Najim Sleiman El Hajj.

(92) Plaintiff Badr El-din El Hajj is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(93) Plaintiff Badr El-din El Hajj brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(94) Plaintiff the Estate of Alice Maalouf stands in the place of the late Alice Maalouf.

(95) The Estate of Alice Maalouf was "opened" in Lebanon and is currently still active.

(96) Alice Maalouf's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(97) Roshdi Mahmoud Haboushi, the son of the late Alice Maalouf, is the representative of Plaintiff the Estate of Alice Maalouf.

(98) Roshdi Mahmoud Haboushi, a survivor of the incident, was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the U.S. Government at the U.S. Embassy in Beirut.

(99) Roshdi Mahmoud Haboushi was injured by an act of "torture" as defined in 28 U.S.C. § 1605A(a) and § 1605A(h)(7) and the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the 1984 Beirut Embassy bombing.

(100) At the time of the attack, Roshdi Mahmoud Haboushi was acting within the scope of his employment at the Embassy.

(101) Roshdi Mahmoud Haboushi is a Plaintiff in related matter El-Deek, et al. v. Iran, et al., 1:23-CV-02241 (CRC).

(102) Alice Maalouf (now deceased) was, at all times relevant to this action, the mother of Roshdi Mahmoud Haboushi.

(103) Alice Maalouf was alive at the time of the incident and subsequently passed away.

(104) Plaintiff the Estate of Alice Maalouf brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(105) Plaintiff the Estate of Mustafa Zeiour stands in the place of the late Mustafa Zeiour.

(106) The Estate of Mustafa Zeiour was "opened" in Lebanon and is currently still active.

(107) Mustafa Zeiour's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(108) Hussein Zeiour, the son of the late Mustafa Zeiour, is the representative of Plaintiff the Estate of Mustafa Zeiour.

(109) Hussein Zeiour, a survivor of the incident, was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the U.S. Government at the U.S. Embassy in Beirut.

(110) Hussein Zeiour was injured by an act of "torture" as defined in 28 U.S.C. § 1605A(a) and § 1605A(h)(7) and the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the 1984 Beirut Embassy bombing.

(111) At the time of the attack, Hussein Zeiour was acting within the scope of his employment at the Embassy.

(112) Hussein Zeiour is currently a Plaintiff in related matter El-Deek, et al. vs. The Islamic Republic of Iran, et al. 23-cv-2241, which is currently pending before this court.

(113) Mustafa Zeiour (now deceased) is and, at all times relevant hereto, was the father of Hussein Zeiour.

(114) Mustafa Zeiour was alive at the time of the incident and subsequently passed away.

(115) Plaintiff the Estate of Mustafa Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(116) Plaintiff the Estate of Salha Zeiour stands in the place of the late Salha Zeiour.

(117) The Estate of Salha Zeiour was "opened" in Lebanon and is currently still active.

(118) Salha Zeiour's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(119) Hussein Zeiour, the son of the late Salha Zeiour, is the representative of Plaintiff the Estate of Salha Zeiour

(120) Salha Zeiour (now deceased) is and, at all times relevant hereto, was the mother of Hussein Zeiour.

(121) Plaintiff the Estate of Salha Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(122) Plaintiff Najah Zeiour is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(123) Plaintiff Najah Zeiour is and, at all times relevant hereto, was a sibling of Hussein Zeiour.

(124) Plaintiff Najah Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(125) Plaintiff Youness Zeiour is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(126) Plaintiff Youness Zeiour is a sibling of Hussein Zeiour.

(127) Plaintiff Youness Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(128) Plaintiff Ali Zeiour is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(129) Plaintiff Ali Zeiour is a sibling of Hussein Zeiour.

(130) Plaintiff Ali Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(131) Plaintiff Mohammad Zeiour is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(132) Plaintiff Mohammad Zeiour is a sibling of Hussein Zeiour.

(133) Plaintiff Mohammad Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(134) Plaintiff Kassem Zeiour is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(135) Plaintiff Kassem Zeiour is a sibling of Hussein Zeiour.

(136) Plaintiff Kassem Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(137) Plaintiff Sukaina Zeiour is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(138) Plaintiff Sukaina Zeiour is a sibling of Hussein Zeiour.

(139) Plaintiff Sukaina Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(140) Plaintiff Zeinab Zeiour is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(141) Plaintiff Zeinab Zeiour is a sibling of Hussein Zeiour.

(142) Plaintiff Zeinab Zeiour brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(143) Plaintiff the Estate of Suhaila El Seblani stands in the place of the late Suhaila El Seblani.

(144) The Estate of Suhaila El Seblani was “opened” in Lebanon and is currently still active.

(145) Suhaila El Seblani’s estate is “open” in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(146) Imad Mohamad Siblani, the son of the late Suhaila El Seblani, is the representative of Plaintiff the Estate of Suhaila El Seblani

(147) Suhaila El Seblani (now deceased) is and, at all times relevant hereto, was the mother of Imad Mohamad Siblani.

(148) Imad Mohamad Siblani, a survivor of the incident, was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon and employed by the U.S. Government at the U.S. Embassy in Beirut.

(149) Imad Mohamad Siblani was injured by an act of "torture" as defined in 28 U.S.C. § 1605A(a) and § 1605A(h)(7) and the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the 1984 Beirut Embassy bombing.

(150) At the time of the attack, Imad Mohamad Siblani was acting within the scope of his employment at the Embassy.

(151) Imad Mohamad Siblani is currently a Plaintiff in related matter El-Deek, et al. vs. The Islamic Republic of Iran, et al. 23-cv-2241, which is currently pending before this court.

(152) Plaintiff the Estate of Suhaila El Seblani brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(153) Plaintiff the Estate of Mohammed El Seblani stands in the place of the late Mohammed El Seblani.

(154) The Estate of Mohammed El Seblani was "opened" in Lebanon and is currently still active, under the laws of Lebanon.

(155) Mohammed El Seblani's estate is "open" in Lebanon, meaning there has been a probate proceeding under applicable laws of Lebanon.

(156) Imad Mohamad Siblani, the son of the late Mohammed El Seblani, is the representative of Plaintiff the Estate of Mohammed El Seblani

(157) Mohammed El Seblani (now deceased) is and, at all times relevant hereto, was the father of Imad Mohamad Siblani.

(158) Plaintiff the Estate of Mohammed El Seblani brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(159) Plaintiff Rabiaa El Seblani is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(160) Plaintiff Rabiaa El Seblani is and, at all times relevant hereto, was a sibling of Imad Mohamad Siblani.

(161) Plaintiff Rabiaa El Seblani brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(162) Plaintiff Riad El Seblani is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(163) Plaintiff Riad El Seblani is and, at all times relevant hereto, was a sibling of Imad Mohamad Siblani.

(164) Plaintiff Riad El Seblani brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(165) Plaintiff Hisham Seblani is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(166) Plaintiff Hisham Seblani is and, at all times relevant hereto, was a sibling of Imad Mohamad Siblani.

(167) Plaintiff Hisham Seblani brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(168) Plaintiff Marwan Seblani is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(169) Plaintiff Marwan Seblani is and, at all times relevant hereto, was a sibling of Imad Mohamad Siblani.

(170) Plaintiff Marwan Seblani brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(171) Plaintiff Joumana El Seblani is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(172) Plaintiff Joumana El Seblani is and, at all times relevant hereto, was a sibling of Imad Mohamad Siblani.

(173) Plaintiff Joumana El Seblani brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

(174) Plaintiff Hatem Seblani is and, at all times relevant hereto, was a citizen of Lebanon and domiciled in Lebanon.

(175) Plaintiff Hatem Seblani is and, at all times relevant hereto, was a sibling of Imad Mohamad Siblani.

(176) Plaintiff Hatem Seblani brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), and the laws of the District of Columbia, or in the alternative the laws of Lebanon.

**Defendants**

(177) Defendant the Islamic Republic of Iran is a foreign sovereign state. Iran is now and has been designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C.A. § 2405(j)) and Section 620A of the Foreign Assistance Act of 1961 (22 § U.S.C. 2371) since January 19, 1984. Iran was designated a state sponsor of terrorism as a result, *inter alia*, of the 1983 bombing of the U.S. Embassy in Beirut, Lebanon.

(178) Defendant the Iranian Ministry of Information and Security (MOIS) functions as the Iranian Intelligence Service and, in this capacity, as an agent and instrumentality of Iran.

(179) Pursuant to 28 U.S.C. § 1605A(c), Defendant Iran is vicariously liable for the acts of its officers, employees, or agents and instrumentalities, including those of MOIS.

## FACTUAL ALLEGATIONS

### The April 18, 1983 Attack on the U.S. Embassy in Beirut, Lebanon

(180) Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam.

(181) Hezbollah represents itself as "an Islamic freedom fighting movement," which views any part of the Near East under the control of the State of Israel as "occupied land".

(182) Hezbollah advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel.

(183) At all times relevant to this action, Hezbollah was being given extensive support by these Defendants, which permitted it to carry out a wide-ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon.

(184) In 1983, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guard units within Lebanon.

(185) During this time period, the Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for the organization to carry out the terrorist attack of April 18, 1983 at the U.S. Embassy in Beirut, Lebanon.

---

[1] The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".

(186) On April 18, 1983, an unidentified male driver crashed a vehicle laden with hundreds of pounds of explosives into the main entrance of the U.S. Embassy in Beirut. Upon crashing, the vehicle exploded with tremendous force, causing seven floors in the Embassy to collapse.

(187) Large portions of the Embassy building were completely destroyed by the blast, while others were severely damaged.

(188) Sixty-three people were killed as a result of the blast and more than one hundred people were injured.

(189) This Court has in several earlier cases found by clear and convincing evidence that Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security (MOIS), were responsible for the attack above described. See *Dammarell v. Islamic Republic of Iran,* 404 F. Supp. 2d 261 (2005) (Bates, J.) (1983 attack); *Estate of John Doe v. Islamic Republic of Iran,* 808 F. Supp. 2d 1(2011) (Bates, J.) (1983 and 1984 attacks), and *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 128 (2005) (Bates, J.) (1983 attack).

(190) The attack on April 18, 1983 was funded by the Defendants, the Islamic Republic of Iran and MOIS, acting through its satellite terrorist organization, Hezbollah.

(191) The actions of the agents of the Defendants as above set forth constituted acts of torture, extrajudicial killing and the provision of material resources for these acts as defined in 18 U.S.C. § 2339A.

(192) The formation of Hezbollah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, Defendant MOIS, acting as Interior Minister of Defendant the Islamic Republic of Iran, and as the Iranian Ambassador to Syria. The above referred-to activities of Hezbollah were financed, technologically supported, and commanded by Iranian military/intelligence operatives.

**The September 20, 1984 Attack on the U.S. Embassy Annex**

(193) After the 1983 attack on the U.S. Embassy, the government was forced to relocate its embassy operations to a new building in East Beirut, which was referred to by Embassy staff as the "Embassy Annex."

(194) Shortly before noon on Thursday, September 20, 1984, a station wagon loaded with some 1500 kilograms of explosives was driven onto the embassy compound at high speed. The vehicle exploded in the vicinity of a concrete cistern filled with water at the front of the Embassy. The car bomb demolished the embassy building.

(195) At least eleven people were killed, the majority of which were Lebanese nationals employed by the U.S. government, and over fifty other people were wounded, including the Ambassador.

(196) The evidence connecting the bombing to Iran and MOIS included, among other things, satellite photos of an exact replica of the obstacle-strewn approach to the U.S. Embassy, constructed as a training device for the suicide bomber, situated at the Sheik Abdullah Barracks in the Beka'a Valley of Lebanon. Iranian Revolutionary Guards were known to be quartered at the barracks, where members of Hezbollah were also quartered and trained. These barracks were one of the places of confinement for American hostages seized by Hezbollah.

(197) This Court has in several earlier cases found by clear and convincing evidence that Defendants, the Islamic Republic of Iran and MOIS, were responsible for the attack above described. See *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128 (D.D.C. 2001) (Jackson, J.), *Welch v. Islamic Republic of Iran*, 2007 WL 7688043 (2007) (Kollar-Kotelly, C.) *Brewer v. Islamic Republic of Iran*, 664 F. Supp. 2d 43 (2009) (Huvelle, E.), *Estate of John Doe v. Islamic Republic of Iran,* 808 F. Supp. 2d 1(2011) (Bates, J.) (1983 and 1984 attacks).

(198) The attack on September 20, 1984 was funded and conducted by the Defendants, the Islamic Republic of Iran and MOIS, acting through its satellite terrorist organization, Hezbollah.

(199) The actions of the agents of the Defendants as above set forth constituted acts of torture, extrajudicial killing and the provision of material resources for these acts as defined in 18 U.S.C. § 2339A.

**COUNT I**
**28 U.S.C. § 1605A, PRIVATE RIGHT OF ACTION**

(200) Plaintiffs repeat and re-allege each and every allegation set forth herein.

(201) Defendant Iran was and is a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i). Defendants Iran and MOIS individually and through their agents were acting within the scope of their office, employment, or agency in committing the acts alleged herein, including planning and carrying out the terrorist attacks on the U.S. Embassy in Beirut, Lebanon on April 18, 1983 and the U.S. Embassy Annex in Beirut, Lebanon, on September 20, 1984.

(202) As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hezbollah members, whose acts were funded and directed by Defendant Iran through its agent Defendant MOIS, Plaintiffs suffered, *inter alia*, physical pain and suffering, mental anguish, emotional pain and suffering, solatium and past and future economic losses, and other past and future non-economic damages resulting from Defendants' acts.

(203) Accordingly, as a result of Defendants' actions, Plaintiffs seek compensatory damages.

(204) WHEREFORE, Plaintiffs demand that judgment be entered, jointly and severally, against Defendants in such amounts as are permitted by law and in accordance with this Court's prior determinations of awards and judgments on behalf of similarly situated Plaintiffs, both for their compensatory, solatium and punitive damages, and otherwise as permitted by this Court. As to

punitive damages, Defendants must be sent a message that their past and continued sponsorship of terror is unconscionable and will not be tolerated by this Court, which should award each Plaintiff the amount of TWENTY MILLION DOLLARS ($20,000,000.00) for such damages, in addition to an award of all other allowable damages, interest, attorney fees, and assessment of costs and expenses, and the entry of Judgment, against the Defendants.

**COUNT II**
**ASSAULT AND BATTERY and PAIN AND SUFFERING**

(205) Plaintiffs repeat and re-allege each and every allegation set forth herein.

(206) The Defendants Iran and MOIS individually and through their agents intentionally attempted and/or threatened to cause harm and/or did physically injure the Plaintiffs. The Plaintiffs Hilal M. Chawki, Najim Sleiman El Hajj (now deceased), Haroun Semaan El-Hakim, and Hussein Zeiour each reasonably believed that the harmful or offensive contact was imminent and/or did in fact happen, causing injury to the Plaintiffs. Plaintiffs Hilal M. Chawki, Najim Sleiman El Hajj (now deceased), Haroun Semaan El-Hakim, and Hussein Zeiour each assert that the Defendants did commit assault and battery against the Plaintiffs, resulting in their pain, suffering, and ongoing damages, in violation of the District of Columbia common law.

(207) As a direct consequence of the willful, wrongful, intentional and reckless acts of Defendants, Plaintiffs Hilal M. Chawki, The Estate of Najim Sleiman El Hajj, and The Estate of Haroun Semaan El-Hakim suffered severe and permanent injuries, including, but not limited to, severe lacerations which have resulted in permanent and severe post-traumatic stress disorder. The explosion was intended to cause harmful contact with the Plaintiffs and put them in reasonable apprehension of imminent battery. These injuries were caused by a willful and deliberate act of persons who had been materially assisted by Defendants for the purpose of

inflicting physical injuries upon the Plaintiffs Hilal M. Chawki, The Estate of Najim Sleiman El Hajj, and the Estate of Haroun Semaan El-Hakim. Those persons were at all times acting with the material support of the Defendants and with the concurrence of Defendants, the Islamic Republic of Iran and MOIS.

(208) As a direct consequence of the willful, wrongful, intentional and reckless acts of Defendants, the Plaintiffs Hilal M. Chawki, the Estate of Najim Sleiman El Hajj, and the Estate of Haroun Semaan El-Hakim have been or were required to undergo extensive medical treatment, nursing care, and other treatment, for which they have been required to expend funds and economic damage, and have endured past and future non-economic damages including but not limited to pain and suffering.

**(209)** WHEREFORE, Plaintiffs Hilal M. Chawki, the Estate of Najim Sleiman El Hajj, and the Estate of Haroun Semaan El-Hakim each demand judgment be entered, jointly and severally, against the Defendants, the Islamic Republic of Iran and MOIS, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(210) Plaintiffs repeat and re-allege each and every allegation set forth herein.

(211) As a direct consequence of the willful, wrongful, intentional and reckless acts of Defendants, the Direct Victims and their family members (collectively all Plaintiffs to this action) suffered extreme mental anguish, grief, emotional pain and suffering, and the loss of a close bond and relationship and companionship.

(212) Accordingly, all Plaintiffs bring claims for intentional infliction of emotional distress pursuant to the laws of the District of Columbia, or in the alternative the laws of Lebanon.

WHEREFORE, Plaintiffs each demand judgment be entered, jointly and severally, against the Defendants, the Islamic Republic of Iran and MOIS, in the amount of FIFTY MILLION DOLLARS ($50,000,000.00), and costs.

**COUNT IV**
**FOR PUNITIVE DAMAGES**

(213) Plaintiffs repeat and re-allege each and every allegation set forth herein.

(214) The intentional actions described above were carried out with the material support, knowledge, and assistance of the Defendants, the Islamic Republic of Iran and MOIS. The actions were malicious, willful, unlawful, and in wanton disregard of life and the standards of law that govern the actions of civilized nations.

(215) The personal injuries and resulting damages, as described above, were intended a by the Defendants. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. Punitive damages are necessary in this case due to the outrageousness, nature and extent of harm was substantial and permanent.

(216) Under federal and/or state and foreign law, the Plaintiffs, and each of them, are entitled to an award of punitive damages to be assessed and awarded against the Defendant for its heinous, reprehensible, and unforgiving conduct in perpetrating unrelenting terror upon the United States of America, her citizens, and the Plaintiffs, and each of them. The purposes of punitive damages are to punish, for retribution and to deter further acts of terror by the Defendant and other terror organizations and those who provide material support for the sponsorship of terror. This allows, and under the circumstances requires, a message to be sent by this Court to the Islamic Republic of Iran that its' past and ongoing sponsorship of terror will not be countenanced by this Court, or by the United States of America.

(217) WHEREFORE, Plaintiffs pray that judgment be entered, jointly and severally, against the Islamic Republic of Iran and MOIS, on behalf of each decedent and each surviving Plaintiff, in the amount of THREE HUNDRED MILLION DOLLARS ($300,000,000.00), to be shared among them in direct proportion to the other damages awarded to the Plaintiffs, and as the interests of justice may allow.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant Plaintiffs' request for judgment against Defendants on Counts I through III and award Plaintiffs:

a. Compensatory damages against Defendants the Islamic Republic of Iran and Iranian Ministry of Information and Security in the amounts set forth in Counts I-III;

b. Punitive Damages against Defendants the Islamic Republic of Iran and Iranian Ministry of Information and Security in the amount set forth in Count IV;

c. Pre-judgment interest as allowed by law;

d. Reasonable costs and expenses;

e. An award of reasonable attorneys' fees; and

f. Such other and further relief which the Court may determine to be just and equitable under the circumstances.

**Date: January 31, 2025**

**Respectfully submitted,**

**FAY LAW GROUP, PA**

_*//s//*_______________________________

Caragh Fay Owens, Esq.
Bar # 16955
6205 Executive Boulevard
Rockville, MD 20852
(202) 589-1300
Cfay@faylawgroup.com

_______*//s//*_______________________

Molly Wolfe, Esq.
Bar # 17846
6205 Executive Boulevard
Rockville, MD 20852
(202) 589-1300
molly.wolfe@faylawgroup.com
***Attorneys for Plaintiffs***